DARRYL PARKER, CASB NO. 95914
PREMIER LAW GROUP
3380 146th Place SE, Suite 430
Bellevue, WA 98007
Tel:   (206) 285-1743
Fax:   (206) 599-6316

Attorney for Plaintiff Williams

FILED
MAY 16 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CURTIS D. WILLIAMS, an individual,  )
                                     )  Case No. C12-02511 SBA
              Plaintiff,             )
                                     )  COMPLAINT FOR DAMAGES
       vs.                           )
                                     )  (Civil Rights, Personal Injury, Jury Trial
THE COUNTY OF ALAMEDA, KEVIN H.)    Demanded)
ESTEP, THOMAS F. MADIGAN, MARIO )
M. FELIX, BRIAN R. FERNANDEZ,        )
MICHAEL J. GIAMMALVO, MICAH          )
BENNETT, LUIS SANTAMARIA, and        )
DOES 1-5 inclusive,                  )
                                     )
              Defendants.            )

## I. INTRODUCTION

1.     This is an action for damages sustained by a citizen of Castro Valley, California, against County of Alameda, California, and individual members of the Alameda County Sheriff's Office, who, through their intentional conduct and reckless and conscious disregard for the Fourth Amendment, have caused plaintiff to suffer deprivation of his civil and constitutional rights, and physical injury as well as mental and emotional distress.

COMPLAINT FOR DAMAGES - 1

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

## II. JURISDICTION

2.  The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(1), (2), (3), and (4); the provisions of 42 U.S.C §§ 1983 and 1988; and the Constitution of the United States, specifically the Fourth, Fifth and Fourteenth Amendments thereto.

## III. VENUE

3.  All of the unlawful acts and practices alleged herein occurred in Alameda County. Thus the District Court for the Northern District of California is the appropriate forum for this matter.

## IV. PARTIES

4.  Plaintiff Curtis D. Williams is a competent adult, residing in the State of California, who appears individually.

5.  Defendant County of Alameda is now, and at all times mentioned herein was, a governmental entity and a political subdivision of the State of California, duly organized and existing under the laws of the State of California.

6.  Defendant Kevin H. Estep is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

7.  Defendant Justin Miguel is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

8. Defendant Micah Bennett is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

9. Defendant Michael J. Giammalvo is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

10. Defendant Thomas F. Madigan is a lieutenant with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

11. Defendant Mario M. Felix is a sergeant with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

12. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 5 are unknown to plaintiff, who therefore sues said defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that Doe defendants are responsible in some manner for the events and happenings referred to and thereby proximately caused damages to plaintiff as herein alleged.

13. Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## STATEMENT OF FACTS

14. On Sunday May 8, 2011, plaintiff Williams went to answer his door after hearing three loud bangs and yells from outside stating that the Sheriff's Office was at the door. Before he could answer, defendant Estep broke down the front door and Estep, Giammalvo, Fernandez, Santamaria, Felix and Miguel all entered Williams' home with guns drawn. Estep and the others were acting under orders from Lieutenant Thomas F. Madigan.

15. The Sheriff's Office personnel tackled Williams to the ground, pinning his right arm and shoulder underneath his body. The officers were verbally and physically abusive. They handcuffed Mr. Williams and took him outside, placing him in a patrol car.

16. After Williams had been handcuffed, the Sheriff's deputies searched his home.

17. Mr. Williams was taken to Valley Care Hospital in Pleasanton, but declined treatment. The officers then took him to Santa Rita jail, where he was booked; Williams remained in custody until the early morning of May 9, 2011. Upon his release he returned to the hospital for treatment.

18. Williams was subsequently charged with violations of sections 148(a)(1) and 273a(b) of the Penal Code of California, and arraigned a short time thereafter.

### VII. FIRST CLAIM FOR RELIEF

**(42 United States Code § 1983 – Illegal Seizure, Arrest, and Malicious Prosecution)**

19. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 18 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

COMPLAINT FOR DAMAGES - 4

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

20. The actions of defendants Estep, Giammalvo, Fernandez, Santamaria, Felix and Miguel, and each of them, in arresting plaintiff without legal cause and maintaining a prosecution against Williams deprived plaintiff of his constitutional right to be free from such unlawful entries and searches, depriving him of his Fourth Amendments rights in violation of 42 United States Code §1983.

21. Defendants Estep, Giammalvo, Fernandez, Santamaria, Felix, and Miguel, and each of them, subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights, for which an award of punitive damages is warranted.

22. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, was deprived of his personal liberty, and has had to incur medical and legal expenses.

## VIII. SECOND CLAIM FOR RELIEF

### (42 United States Code § 1983 – Illegal Entry, Search and Seizure)

23. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 20 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

24. The actions of defendants Estep, Giammalvo, Fernandez, Santamaria, Felix and Miguel, and each of them, in entering and searching plaintiff's residence without a warrant, probable cause, or consent from Williams deprived plaintiff of his constitutional right to be free from such unlawful entries and searches, depriving him of his Fourth Amendments rights in violation of 42 United States Code §1983.

25. Defendants Estep, Giammalvo, Fernandez, Santamaria, Felix, and Miguel, and each of them, subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights, for which an award of punitive damages is warranted.

26. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, was deprived of his personal liberty, and has had to incur medical and legal expenses.

## IX. THIRD CLAIM FOR RELIEF

### (42 United States Code § 1983 – Monell Claim)

27. Plaintiff realleges and incorporates by reference herein paragraphs 1 though 24 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

28. At all times herein mentioned, the County of Alameda had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its law enforcement officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, the County of Alameda failed to take necessary, proper, or adequate measures in order to prevent the violation of each of the plaintiff's rights. The officers whose conduct is described above do not know what constitutes reasonable force or proper warrantless entry, arrest, seizure or search because of inadequate training by the County of Alameda or its Sheriff's Office.

29. Policymakers for the County of Alameda know to a moral certainty that their law enforcement officers will be required to contact citizens while the citizens are inside their residences.

30. The County of Alameda has no policy in place directing its law enforcement officers, including Alameda County Sheriff's Office personnel, to know when and how to make a warrantless entry, search, seizure, or arrest and the County of Alameda failed to train its law enforcement officers in proper warrantless entry, search, seizure, and arrest.

31. Said lack of policy and failure to train has exposed those who are in compliance with the law to deprivations of their Fourth Amendment rights.

32. Thus, the need to train officers in the constitutional limitations on warrantless entry, search, seizure, and arrest can be said to be "so obvious," that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

33. In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of a federally-protected right, to wit, Fourth Amendment rights; (2) <u>inadequate</u> training of employees, to wit, gross failure to train regarding proper warrantless entry, search, seizure, or arrest; and (3) causation between the inadequate training and each of the plaintiff's injuries.

34. The County of Alameda breached its duty of care to plaintiff as a citizen because it failed to adequately train its law enforcement officers, namely the members of the Alameda County Sheriff's Office named in this complaint. This lack of adequate supervisorial training, and/or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful entries, seizures, searches and arrests by officers employed by the County of Alameda though its Sheriff's Office.

35. The County of Alameda's improper training permitted each defendant officer to use poor judgment in assessing illegal activity and in using and threatening to use force.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

36. The foregoing acts, omissions, and systemic failures are customs and policies of defendant County of Alameda, which caused its officers to believe that determination of the right to enter a private residence, search it, arrest its occupants and arbitrarily determine the amount of force to be used was within their unfettered discretion, and that complaints of improper conduct would not be properly investigated, with the foreseeable result that officers would likely cause the deprivation of rights that occurred in this case. Such conduct on the part of defendant County of Alameda renders it liable for its officer's constitutional violations.

37. As a direct and proximate cause of the aforesaid acts, omissions, policies, customs and ratification of defendant County of Alameda, the individual defendant officers caused the constitutional violations and the damages described above.

The County of Alameda is liable for the harm to plaintiffs described herein.

### X. FOURTH CLAIM FOR RELIEF

### (42 United States Code § 1983 – Unnecessary Force)

38. Plaintiff realleges and incorporates by reference herein paragraphs 1 though 35 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

39. The actions of the defendant deputies and other Sheriff's Office personnel, and each of them, in pointing their guns at plaintiff Williams and forcefully tackling and handcuffing him deprived plaintiff of his constitutional right to be free from summary punishment and excessive force and deprived him of his Fourth Amendment rights.

40. Defendants and each of them subjected plaintiff to such deprivations by malice and/or a reckless and conscious disregard for plaintiff's statutory and constitutional rights, for which an award of punitive damages is warranted.

41. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress. Plaintiff has also had to incur medical and legal expenses. The conduct of each individually named and/or unidentified officer was done in reckless and conscious disregard of the pain and suffering it was bound to inflict upon plaintiff, for which an award of punitive damages is mandated against each individual officer.

**PRAYER**

WHEREFORE, plaintiffs pray for the following relief, jointly and severally, against the defendants:

A. For general and special compensatory damages against all defendants in the amount of $600,000.00;

B. For punitive damages against all individually named defendants, excluding the Alameda County Sheriff's Office, in the amount of $200,000.00 each;

C. For reasonable attorney's fees and costs pursuant to the provisions of 42 U.S.C. § 1988 or any other applicable law;

D. For costs of suit incurred herein; and

E. For such other and further relief as the Court may deem just.

| | |
|---|---|
| Dated: May 8, 2012. | PREMIER LAW GROUP PLLC<br><br>*[signature]*<br>Darryl Parker, Bar No. 95914<br>Attorney for Plaintiff<br>Premier Law Group PLLC<br>3380 146th Place S.E. Ste. 430<br>Bellevue, WA 98007<br>(206) 285-1743<br>Darryl@plg-pllc.com |