DARRYL PARKER, Bar No. 95914
PREMIER LAW GROUP
3380 146th Place SE, Suite 430
Bellevue, WA 98007
Tel:   (206) 285-1743
Fax:   (206) 599-6316

Attorney for Plaintiff Williams

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS D. WILLIAMS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA; Lieutenant THOMAS F. MADIGAN, Sergeant MARIO M. FELIX, Deputies KEVIN H. ESTEP, BRIAN R. FERNANDEZ, MICHAEL J. GIAMMALVO, and JUSTIN MIGUEL, members of the Alameda County Sheriff's Office; and DOES 1-5 inclusive,<br><br>Defendants. | Case No. C12-02511 SBA<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>(Civil Rights, Personal Injury, Jury Trial Demanded) |

## I. INTRODUCTION

1.     This is an action for damages sustained by a citizen of Castro Valley, California, against the County of Alameda, California, and against individual members of the Alameda County Sheriff's Office, who, through their intentional conduct and reckless and conscious disregard for the Fourth Amendment, have caused plaintiff to suffer

FIRST AMENDED COMPLAINT FOR DAMAGES - 1
No. C 12-02511-SBA

**Premier Law Group, PLLC**
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

deprivation of his civil and constitutional rights, and physical injury as well as mental and emotional distress.

## II. JURISDICTION

2.  The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(1), (2), (3), and (4); the provisions of 42 U.S.C §§ 1983 and 1988; and the Constitution of the United States, specifically the Fourth, Fifth and Fourteenth Amendments thereto.

## III. VENUE

3.  All of the unlawful acts and practices alleged herein occurred in Alameda County. Thus the District Court for the Northern District of California is the appropriate forum for this matter.

## IV. PARTIES

4.  Plaintiff Curtis D. Williams is a competent adult, residing in the State of California, who appears individually.

5.  Defendant County of Alameda is now, and at all times mentioned herein was, a governmental entity and a political subdivision of the State of California, duly organized and existing under the laws of the State of California.

6.  Defendant Thomas F. Madigan is a lieutenant with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda as a supervisor.

FIRST AMENDED COMPLAINT FOR DAMAGES - 2
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

7. Defendant Mario M. Felix is a sergeant with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

8. Defendant Kevin H. Estep is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

9. Defendant Brian R. Fernandez is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

10. Defendant Michael J. Giammalvo is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

11. Defendant Justin Miguel is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

12. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 5 are unknown to plaintiff, who therefore sues said defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that Doe defendants are responsible in some manner for the events and happenings referred to and thereby proximately caused damages to plaintiff as herein alleged.

FIRST AMENDED COMPLAINT FOR DAMAGES - 3
No. C 12-02511-SBA

**Premier Law Group, PLLC**
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

13. Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## V. STATEMENT OF FACTS

14. On Sunday, May 8, 2011, defendant Alameda County Sheriff's Office was notified by California Highway Patrol ("CHP") dispatch of a 911 call from a child on a cell phone who stated that his parents were about to fight. The Sheriff's Office attempted to call the number back but got no response. The CHP determined that the call originated from 22322 Center Street in Castro Valley, and Alameda County Sheriff deputies were dispatched to the location.

15. Inside Apartment No. 1 at 22322 Center Street in Castro Valley, plaintiff Curtis D. Williams was having an argument with his fiancée. When plaintiff heard knocking on his front door, he thought it was a boy who often asked to play with the daughter of his fiancée and responded to the knock by saying that she couldn't come outside and that he should stop knocking.

16. A few minutes later, after hearing three loud bangs and shouts from outside stating that the Sheriff's Office was at the door, plaintiff crossed his kitchen and went to open the front door. Before plaintiff could answer, defendant deputy Kevin H. Estep broke down the front door and he, along with Sgt. Mario M. Felix, and deputies Brian R. Fernandez, Michael J. Giammalvo, and Justin Miguel all entered plaintiff's home with guns drawn. Defendant Estep and the other officers were acting under orders from defendant Lt. Thomas F. Madigan, who directed them to form an "Immediate Action Team," headed by defendants Felix and Estep, to force entry into plaintiff's home.

FIRST AMENDED COMPLAINT FOR DAMAGES - 4
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

17. Defendants Miguel and Giammalvo tackled plaintiff to the ground, pinning his right arm and shoulder underneath his body as plaintiff writhed in pain. Defendant Fernandez kneed plaintiff in the back and in the legs despite there being no need to apply force. Most of the other deputies went to other areas of plaintiff's home. Defendants Miguel, Fernandez and Giammalvo verbally and physically abused plaintiff. Defendant Miguel handcuffed plaintiff, took him outside, and placed him in a patrol car.

18. After plaintiff had been handcuffed, defendants Felix and Giammalvo searched plaintiff's personal belongings, went through drawers and generally searched his home.

19. Plaintiff was taken to Valley Care Hospital in Pleasanton but declined treatment. Deputies Miguel and Santamaria then transported plaintiff to Santa Rita jail, where he was booked. Plaintiff remained in custody until the early morning of Monday, May 9, 2011. Upon his release, plaintiff returned to the hospital for treatment.

20. Plaintiff was subsequently charged with violations of Sections 148(a)(1) and 273a(b) of the Penal Code of California and arraigned a short time thereafter.

21. The charges against plaintiff were ultimately dismissed by the prosecutors' office in the interests of justice.

## VI. **FIRST CLAIM FOR RELIEF**

**(42 United States Code § 1983 – Unlawful Entry and Damages to Property)**

(Defendants Estep, Felix, Fernandez, Giammalvo, Madigan and Miguel)

22. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 21 with the same force and effect as if such paragraphs were separately set out in this First Claim for Relief.

FIRST AMENDED COMPLAINT FOR DAMAGES - 5
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

23. The actions of defendants Estep, Felix, Fernandez, Giammalvo and Miguel, and each of them, in entering plaintiff's residence without a warrant, probable cause, exigent circumstances or consent, deprived plaintiff of his constitutional right to be free from such unlawful entries and searches, depriving him of his Fourth Amendments rights in violation of 42 United States Code §1983. Defendant Lt. Madigan directed the deputies to form an "Immediate Action Team" to force entry into plaintiff's home, and thus he is liable for the actions of his subordinates. Defendants Estep and Felix damaged plaintiff's door when they forced entry.

24. The direct and proximate result of each defendant's acts is that plaintiff has suffered emotional distress, and has incurred legal expenses.

## VII. SECOND CLAIM FOR RELIEF

### (42 United States Code § 1983 – Unnecessary Force)

(Defendants Fernandez, Giammalvo and Miguel)

25. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 24 with the same force and effect as if such paragraphs were separately set out in this Second Claim for Relief.

26. The actions of the above-named defendant deputies in pointing their guns at plaintiff and forcefully tackling him, bending his arm and handcuffing him deprived plaintiff of his constitutional right to be free from summary punishment and excessive force and deprived him of his Fourth Amendment rights.

27. Defendants Fernandez, Giammalvo and Miguel, and each of them, subjected plaintiff to such deprivations by malice and/or a reckless and conscious disregard for his statutory and constitutional rights, for which an award of punitive damages is warranted.

FIRST AMENDED COMPLAINT FOR DAMAGES - 6
No. C 12-02511-SBA

**Premier Law Group, PLLC**
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

28. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress. Plaintiff has also had to incur medical and legal expenses. The conduct of each individually named and/or unidentified officer was done in reckless and conscious disregard of the pain and suffering it was bound to inflict upon plaintiff, for which an award of punitive damages is mandated against each individual officer.

29. Defendant Lt. Madigan directed the deputies to form an "Immediate Action Team" to force entry into plaintiff's home and thus has supervisorial liability for their actions.

30. Defendant Sgt. Felix supervised the entry of plaintiff's home and directed the deputies throughout the incident, and he is also liable for the actions of his subordinates.

## VIII. THIRD CLAIM FOR RELIEF

### (42 United States Code § 1983 – Unlawful Search)

(All defendants except Alameda County)

31. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 30 with the same force and effect as if such paragraphs were separately set out in this Third Claim for Relief.

32. The actions of defendants Felix and Giammalvo, and each of them, in conducting a search of plaintiff's residence and personal belongings was objectively unreasonable, without probable cause and without a warrant in violation of the Fourth Amendment and in violation of 42 United States Code §1983.

33. The direct and proximate result of each defendant's acts is that plaintiff has suffered mental suffering and emotional distress.

FIRST AMENDED COMPLAINT FOR DAMAGES - 7
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

34. Defendant Lt. Madigan directed defendant deputies to form an "Immediate Action Team" to force entry into plaintiff's home, and thus has supervisorial liability for their actions.

## IX. FOURTH CLAIM FOR RELIEF

### (42 United States Code § 1983 – Unlawful Arrest)

(All defendants except Alameda County)

35. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 34 with the same force and effect as if such paragraphs were separately set out in this Fourth Claim for Relief.

36. The actions of defendants Estep, Felix, Fernandez, Giammalvo and Miguel, and each of them, in arresting plaintiff without probable cause and maintaining a prosecution against him deprived plaintiff of his constitutional right to be free from such unlawful entries and searches, depriving him of his Fourth Amendment rights in violation of 42 United States Code §1983.

37. Defendants Estep, Felix, Fernandez, Giammalvo, Madigan, and Miguel, and each of them, subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights, for which an award of punitive damages is warranted.

38. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, was deprived of his personal liberty, and has had to incur medical and legal expenses.

39. Defendant Lt. Madigan directed defendant deputies to form an "Immediate Action Team" to force entry into plaintiff's home, and thus has supervisorial liability for their actions.

FIRST AMENDED COMPLAINT FOR DAMAGES - 8
No. C 12-02511-SBA

**Premier Law Group, PLLC**
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

## X. FIFTH CLAIM FOR RELIEF

### (42 United States Code § 1983 – Malicious Prosecution)

(All defendants except Alameda County)

40. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 39 with the same force and effect as if such paragraphs were separately set out in this Fifth Claim for Relief.

41. The actions of defendants Estep, Felix, Fernandez, Giammalvo and Miguel, and each of them, in arresting plaintiff without probable cause, providing the prosecutor with false information as to the events in questions and causing the prosecutor to maintain a prosecution against plaintiff for cruelty to child by endangering health and resisting, obstructing and delaying a peace officer knowing there was not even a reasonable basis for bringing said charges, deprived plaintiff of his constitutional right to be free from such unlawful entries and searches, depriving him of his Fourth Amendment rights in violation of 42 United States Code §1983.

42. Defendants Estep, Felix, Fernandez, Giammalvo, Madigan, and Miguel, and each of them, subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights, for which an award of punitive damages is warranted.

43. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, was deprived of his personal liberty, and has had to incur medical and legal expenses.

44. Defendant Lt. Madigan directed the deputies to form an "Immediate Action Team" to force entry into plaintiff's home, and thus has supervisorial liability for their actions.

FIRST AMENDED COMPLAINT FOR DAMAGES - 9
No. C 12-02511-SBA

**Premier Law Group, PLLC**
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

## XI.   SIXTH CLAIM FOR RELIEF

### (42 United States Code § 1983 – Monell Claim)

(Defendant County of Alameda)

45.   Plaintiff realleges and incorporates by reference herein paragraphs 1 through 44 with the same force and effect as if such paragraphs were separately set out in this Sixth Claim for Relief.

46.   At all times herein mentioned, defendant County of Alameda had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its law enforcement officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, defendant County of Alameda failed to take necessary, proper, or adequate measures in order to prevent the violation of each of plaintiff's rights. The officers whose conduct is described above do not know what constitutes reasonable force or proper warrantless entry, arrest, seizure or search because of inadequate training and or tolerance by defendant County of Alameda or its Sheriff's Office.

47.   Policymakers for defendant County of Alameda know to a moral certainty that their law enforcement officers will be required to contact persons while they are inside their residences.

48.   Defendant County of Alameda has no policy in place directing its law enforcement officers, including Alameda County Sheriff's Office personnel, to know when and how to make a warrantless entry into a residence, search a residence, seize, or arrest occupants, and defendant County of Alameda failed to train its law enforcement officers in proper warrantless entry, search, seizure, and arrest, and particularly when to point their

FIRST AMENDED COMPLAINT FOR DAMAGES - 10
No. C 12-02511-SBA

**Premier Law Group, PLLC**
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

guns at individuals they encounter and when to physically take persons into custody with force who are lawfully in their homes.

49. Said lack of policy and failure to train has exposed those who are in compliance with the law to deprivations of their Fourth Amendment rights.

50. Thus, the need to train officers in the constitutional limitations of warrantless entry, search, seizure, and arrest can be said to be "so obvious," that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

51. In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of a federally-protected right, to wit, Fourth Amendment rights; (2) <u>inadequate</u> training of employees, to wit, gross failure to train regarding proper warrantless entry, search, seizure, or arrest; and (3) causation between the inadequate training and each of plaintiff's injuries.

52. Defendant County of Alameda breached its duty of care to plaintiff because it failed to adequately train its law enforcement officers, namely the members of the Alameda County Sheriff's Office named in this complaint. This lack of adequate supervisorial training, and/or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful entries, seizures, searches and arrests by officers employed by the County of Alameda though its Sheriff's Office.

53. Defendant County of Alameda's improper training permitted each defendant officer to use poor judgment in assessing illegal activity and in using and threatening to use force.

FIRST AMENDED COMPLAINT FOR DAMAGES - 11
No. C 12-02511-SBA

**Premier Law Group, PLLC**
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

54. The foregoing acts, omissions, and systemic failures are customs and policies of defendant County of Alameda, which caused its officers to believe that determination of the right to enter a private residence, search it, arrest its occupants and arbitrarily determine the amount of force to be used was within their unfettered discretion, and that complaints of improper conduct would not be properly investigated, with the foreseeable result that officers would likely cause the deprivation of rights that occurred in this case. Such conduct on the part of defendant County of Alameda renders it liable for its officers' constitutional violations.

55. As a direct and proximate cause of the aforesaid acts, omissions, policies, customs and ratification of defendant County of Alameda, the individual defendant officers caused the constitutional violations and the damages described above.

56. Defendant County of Alameda is the cause of the harm to plaintiff described herein.

## PRAYER

WHEREFORE, plaintiff prays for the following relief, jointly and severally, against defendants:

A. For general and special compensatory damages against all defendants in the amount of $600,000.00;

B. For punitive damages against defendants Brian R. Fernandez, Michael J. Giammalvo, Kevin H. Estep and Justin Miguel in the amount of $50,000.00 each;

C. For reasonable attorney's fees and costs pursuant to the provisions of 42 U.S.C. § 1988 or any other applicable law;

D. For costs of suit incurred herein; and

FIRST AMENDED COMPLAINT FOR DAMAGES - 12
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

1  E.  For such other and further relief as the Court may deem just.

2  Dated: August 20, 2012.                    PREMIER LAW GROUP PLLC

*[signature]*

Darryl Parker, Bar No. 95914
Attorney for Plaintiff
Premier Law Group PLLC
3380 146th Place S.E. Ste. 430
Bellevue, WA 98007
(206) 285-1743
dparker@plg-pllc.com

FIRST AMENDED COMPLAINT FOR DAMAGES - 13
No. C 12-02511-SBA

**Premier Law Group, PLLC**
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316