DARRYL PARKER, Bar No. 95914
PREMIER LAW GROUP
3380 146th Place SE, Suite 430
Bellevue, WA 98007
Tel:   (206) 285-1743
Fax:   (206) 599-6316

Attorney for Plaintiff Williams

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS D. WILLIAMS, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ALAMEDA; Lieutenant THOMAS F. MADIGAN, Sergeant MARIO M. FELIX, Deputies KEVIN H. ESTEP, BRIAN R. FERNANDEZ, MICHAEL J. GIAMMALVO, and JUSTIN MIGUEL, members of the Alameda County Sheriff's Office; and DOES 1-5 inclusive, <br><br> Defendants. | Case No. C12-02511 SBA <br><br> PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES <br><br> (Civil Rights, Personal Injury, Jury Trial Demanded) |

## I. INTRODUCTION

1.      This is an action for damages sustained by a citizen of Castro Valley, California, against the County of Alameda, California, and against individual members of the Alameda County Sheriff's Office, who, through their intentional conduct and reckless and conscious disregard for the Fourth Amendment, have caused plaintiff to suffer

SECOND AMENDED COMPLAINT FOR DAMAGES - 1
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

deprivation of his civil and constitutional rights, and physical injury as well as mental and emotional distress.

## II. JURISDICTION

2. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(1), (2), (3), and (4); the provisions of 42 U.S.C §§ 1983 and 1988; and the Constitution of the United States, specifically the Fourth, Fifth and Fourteenth Amendments thereto.

## III. VENUE

3. All of the unlawful acts and practices alleged herein occurred in Alameda County. Thus the District Court for the Northern District of California is the appropriate forum for this matter.

## IV. PARTIES

4. Plaintiff Curtis D. Williams is a competent adult, residing in the State of California, who appears individually.

5. Defendant County of Alameda is now, and at all times mentioned herein was, a governmental entity and a political subdivision of the State of California, duly organized and existing under the laws of the State of California.

6. Defendant Thomas F. Madigan is a lieutenant with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda as a supervisor.

SECOND AMENDED COMPLAINT FOR DAMAGES - 2
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

7. Defendant Mario M. Felix is a sergeant with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

8. Defendant Kevin H. Estep is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

9. Defendant Brian R. Fernandez is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

10. Defendant Michael J. Giammalvo is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

11. Defendant Justin Miguel is a deputy with the Alameda County Sheriff's Office and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant County of Alameda.

12. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 5 are unknown to plaintiff, who therefore sues said defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that Doe defendants are responsible in some manner for the events and happenings referred to and thereby proximately caused damages to plaintiff as herein alleged.

SECOND AMENDED COMPLAINT FOR DAMAGES - 3
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

13. Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## V. STATEMENT OF FACTS

14. On Sunday, May 8, 2011, plaintiff and his fiancée were arguing about one of the daughter's behavior regarding taking bites out of pieces of chicken and then putting the chicken back in the refrigerator. After arguing the couple settled down and was talking in the kitchen. Plaintiff's fiancée was holding the baby as they were talking.

15. Contemporaneously, defendant Alameda County Sheriff's Office was notified by California Highway Patrol ("CHP") dispatch of a 911 call from a person who they thought was a young boy on a cell phone who stated that his parents were about to fight. The Sheriff's Office attempted to call the number back but got no response. The CHP determined that the call originated from 22322 Center Street in Castro Valley, and Alameda County Sheriff deputies were dispatched to the location.

16. About a half hour later, plaintiff and his fiancée, Rickea Butler heard pounding on the front door. Plaintiff and Rickea began walking toward the door with the baby in an attempt to answer it. Williams got there just ahead of Rickea Butler but before he could reach out to open the door, the defendant Estep smashed in the door and forced it open. The defendant officers had both rifles and handguns and they were drawn and trained on both Williams and his fiancée Butler.

17. Williams was commanded to get to get on this knees. Plaintiff cooperated fully and put his hands up and knelt down on the floor. The officers then commanded him to get on the ground. As he began to comply, several deputies, including Miguel,

SECOND AMENDED COMPLAINT FOR DAMAGES - 4
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

Giammalvo, Estep and Fernandez, rushed in and slammed Williams down and put their body weight on top of him, pinning his right side and arm against a couch and the floor. One officer had his gun pressed up against plaintiff's face yelling at him. The gun was pressed against Williams' face with such force it caused him to bleed. Williams asked what did I do several times and he was told to shut the Fuck up. With his arm underneath him, and multiple defendants on top of him – knees and boots along his legs and back – Williams was ordered to place his right arm behind his back which he physically could not do because of the weight of the officers. The defendants caused a lot of physical damage to William's right shoulder which caused Williams a great deal of pain. There was no need to use any force at all because Williams was compliant.

18.     Williams was now frozen with fear as the officers continued to shout obscenities at him, while disregarding his questions. The defendants then briefly lifted their weight off of Williams just long enough to wrench his arm behind his back. Defendant Miguel handcuffed plaintiff. His fellow officer yelled get his ass out of here. Defendants then rolled Williams on his stomach, lifted him up and defendant Miguel took him outside, and placed him in a patrol car. Williams is now crying and pleading with the officer to tell him what he had done to be treated this way.

19.     Sgt. Mario M. Felix, and deputies Brian R. Fernandez, Michael J. Giammalvo, and Justin Miguel had all entered plaintiff's home with guns drawn. Defendant Estep and the other officers were acting under orders from defendant Lt. Thomas F. Madigan, who directed them to form an "Immediate Action Team," headed by defendants Felix and Estep, to force entry into plaintiff's home.

SECOND AMENDED COMPLAINT FOR DAMAGES - 5
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

20. Defendant Giammalvo used his M-4 rifle to force Ms. Butler, who was still holding her baby, backwards into the kitchen.

21. After a long discussion by the officers and after interrogating family members, the officers realized that Williams had done nothing wrong. All family members confirmed that there had not been a fight of any kind just an argument over how to best instill in the children basic respect and proper behavior. The physical evidence, including examination of Rickea Butler's person also confirmed there had not been a fight of any kind, as she did not have a mark on her. The home had not been disturbed outside of the conduct of the officers.

22. Williams was first taken to Valley Care Hospital in Pleasanton but declined treatment. Deputies Miguel and Santamaria then transported plaintiff to Santa Rita jail, where he was booked. Plaintiff remained in custody until the early morning of Monday, May 9, 2011. Upon his release, plaintiff returned to the hospital for treatment.

23. Williams was subsequently charged with violations of Sections 148(a)(1) and 273a(b) of the Penal Code of California based solely on the information supplied by defendants and arraigned a short time thereafter. Williams was prosecuted for several months and made numerous court appearances before the charges were finally dropped.

24. The charges against plaintiff were ultimately dismissed by the prosecutors' office in the interests of justice.

## VI. FIRST CLAIM FOR RELIEF

(42 United States Code § 1983 – Unlawful Entry and Damages to Property)

(Defendants Estep, Felix, Fernandez, Giammalvo, Madigan and Miguel)

SECOND AMENDED COMPLAINT FOR DAMAGES - 6
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

25. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 24 with the same force and effect as if such paragraphs were separately set out in this First Claim for Relief.

26. The actions of defendants Estep, Felix, Fernandez, Giammalvo and Miguel, and each of them, in entering plaintiff's residence without a warrant, probable cause, exigent circumstances or consent, deprived plaintiff of his constitutional right to be free from such unlawful entries and searches, depriving him of his Fourth Amendments rights in violation of 42 United States Code §1983. Defendant Lt. Madigan directed the deputies to form an "Immediate Action Team" to force entry into plaintiff's home, and thus he is liable for the actions of his subordinates. Defendants Estep and Felix damaged plaintiff's door when they forced entry.

27. The direct and proximate result of each defendant's acts is that plaintiff has suffered emotional distress, and has incurred legal expenses.

## VII. SECOND CLAIM FOR RELIEF

(42 United States Code § 1983 – Unnecessary Force)

(All Defendants)

28. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 24 with the same force and effect as if such paragraphs were separately set out in this Second Claim for Relief.

29. The actions of the above-named defendant deputies in pointing their guns at plaintiff and placing the weapons on his face and forcefully tackling him, bending his arm and handcuffing him deprived plaintiff of his constitutional right to be free from summary punishment and excessive force and deprived him of his Fourth Amendment rights.

SECOND AMENDED COMPLAINT FOR DAMAGES - 7
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

30.   Defendants Estep, Fernandez, Giammalvo and Miguel, and each of them, subjected plaintiff to such deprivations by malice and/or a reckless and conscious disregard for his statutory and constitutional rights, for which an award of punitive damages is warranted.

31.   The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress. Plaintiff has also had to incur medical and legal expenses. The conduct of each individually named and/or unidentified officer was done in reckless and conscious disregard of the pain and suffering it was bound to inflict upon plaintiff, for which an award of punitive damages is mandated against each individual officer.

32.   Defendant Lt. Madigan directed the deputies to form an "Immediate Action Team" to force entry into plaintiff's home and thus has supervisorial liability for their actions.

33.   Defendant Sgt. Felix supervised the entry of plaintiff's home and directed the deputies throughout the incident, and he is also liable for the actions of his subordinates.

### VIII. THIRD CLAIM FOR RELIEF

(42 United States Code § 1983 – Violation of Equal Protection)

(All defendants)

34.   Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 with the same force and effect as if such paragraphs were separately set out in this Third Claim for Relief.

35.   The defendants in arrested plaintiff for child endangerment solely because he was and is an African American male. Despite specific knowledge that plaintiff's fiancée

SECOND AMENDED COMPLAINT FOR DAMAGES - 8
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

Rickea Butler had engaged in the same conduct and in fact had been the aggressor, defendants decided to arrest, assault and handcuff plaintiff because he is an African American male and decided not to arrest Rickea Butler because she is female in violation of the Fourteenth Amendment's equal protection clause and in violation of 42 United States Code §1983.

36. The direct and proximate result of each defendant's acts is that plaintiff has suffered mental suffering and emotional distress.

37. Defendant Lt. Madigan directed defendant deputies to form an "Immediate Action Team" to force entry into plaintiff's home, and thus has supervisorial liability for their actions.

## IX. FOURTH CLAIM FOR RELIEF

(42 United States Code § 1983 – Unlawful Arrest)

(All defendants)

38. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 37 with the same force and effect as if such paragraphs were separately set out in this Fourth Claim for Relief.

39. The actions of defendants Estep, Felix, Fernandez, Giammalvo and Miguel, and each of them, in arresting plaintiff without probable cause and maintaining a prosecution against him deprived plaintiff of his constitutional right to be free from such unlawful entries and searches, depriving him of his Fourth Amendment rights in violation of 42 United States Code §1983.

SECOND AMENDED COMPLAINT FOR DAMAGES - 9
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

40. Defendants Estep, Felix, Fernandez, Giammalvo, Madigan, and Miguel, and each of them, subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights, for which an award of punitive damages is warranted.

41. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, was deprived of his personal liberty, and has had to incur medical and legal expenses.

42. Defendant Lt. Madigan directed defendant deputies to form an "Immediate Action Team" to force entry into plaintiff's home, and thus has supervisorial liability for their actions.

## X. FIFTH CLAIM FOR RELIEF

(42 United States Code § 1983 – Malicious Prosecution)

(All defendants)

43. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 32 with the same force and effect as if such paragraphs were separately set out in this Fifth Claim for Relief.

44. The actions of defendants Estep, Felix, Fernandez, Giammalvo and Miguel, and each of them, in arresting plaintiff without probable cause, providing the prosecutor with false information as to the events in questions and causing the prosecutor to maintain a prosecution against plaintiff for cruelty to child by endangering health and resisting, obstructing and delaying a peace officer knowing there was not even a reasonable basis for bringing said charges, deprived plaintiff of his constitutional right to be free from such unlawful entries and searches, depriving him of his Fourth Amendment rights in violation of 42 United States Code §1983.

SECOND AMENDED COMPLAINT FOR DAMAGES - 10
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

45. Defendants Estep, Felix, Fernandez, Giammalvo, Madigan, and Miguel, and each of them, subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights, for which an award of punitive damages is warranted.

46. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, was deprived of his personal liberty, and has had to incur medical and legal expenses.

47. Defendant Lt. Madigan directed the deputies to form an "Immediate Action Team" to force entry into plaintiff's home, and thus has supervisorial liability for their actions.

## XI.   SIXTH CLAIM FOR RELIEF

(42 United States Code § 1983 – Monell Claim)

(Defendant County of Alameda)

48. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 47 with the same force and effect as if such paragraphs were separately set out in this Sixth Claim for Relief.

49. At all times herein mentioned, defendant County of Alameda had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its law enforcement officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, defendant County of Alameda failed to take necessary, proper, or adequate measures in order to prevent the violation of each of plaintiff's rights. The officers whose conduct is described above do not know what constitutes reasonable force or proper warrantless entry, arrest, seizure or search because of inadequate training and or tolerance by defendant County of Alameda or its Sheriff's Office.

SECOND AMENDED COMPLAINT FOR DAMAGES - 11
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

50. Policymakers for defendant County of Alameda know to a moral certainty that their law enforcement officers will be required to contact persons while they are inside their residences.

51. Defendant County of Alameda has no policy in place directing its law enforcement officers, including Alameda County Sheriff's Office personnel, to know when and how to make a warrantless entry into a residence, search a residence, seize, or arrest occupants, and defendant County of Alameda failed to train its law enforcement officers in proper warrantless entry, search, seizure, and arrest, and particularly when to point their guns at individuals they encounter and when to physically take persons into custody with force who are lawfully in their homes.

52. Said lack of policy and failure to train has exposed those who are in compliance with the law to deprivations of their Fourth Amendment rights.

53. Thus, the need to train officers in the constitutional limitations of warrantless entry, search, seizure, and arrest can be said to be "so obvious," that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

54. In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of a federally-protected right, to wit, Fourth Amendment rights; (2) <u>inadequate</u> training of employees, to wit, gross failure to train regarding proper warrantless entry, search, seizure, or arrest; and (3) causation between the inadequate training and each of plaintiff's injuries.

55. Defendant County of Alameda breached its duty of care to plaintiff because it failed to adequately train its law enforcement officers, namely the members of the Alameda County Sheriff's Office named in this complaint. This lack of adequate supervisorial

SECOND AMENDED COMPLAINT FOR DAMAGES - 12
No. C 12-02511-SBA

**Premier Law Group, PLLC**
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

training, and/or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful entries, seizures, searches and arrests by officers employed by the County of Alameda though its Sheriff's Office.

56. Defendant County of Alameda's improper training permitted each defendant officer to use poor judgment in assessing illegal activity and in using and threatening to use force.

57. The foregoing acts, omissions, and systemic failures are customs and policies of defendant County of Alameda, which caused its officers to believe that determination of the right to enter a private residence, search it, arrest its occupants and arbitrarily determine the amount of force to be used was within their unfettered discretion, and that complaints of improper conduct would not be properly investigated, with the foreseeable result that officers would likely cause the deprivation of rights that occurred in this case. Such conduct on the part of defendant County of Alameda renders it liable for its officers' constitutional violations.

58. As a direct and proximate cause of the aforesaid acts, omissions, policies, customs and ratification of defendant County of Alameda, the individual defendant officers caused the constitutional violations and the damages described above.

59. Defendant County of Alameda is the cause of the harm to plaintiff described herein.

**PRAYER**

WHEREFORE, plaintiff prays for the following relief, jointly and severally, against defendants:

SECOND AMENDED COMPLAINT FOR DAMAGES - 13
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

1  A. For general and special compensatory damages against all defendants in the amount of $600,000.00;

2  B. For punitive damages against defendants Brian R. Fernandez, Michael J. Giammalvo, Kevin H. Estep and Justin Miguel in the amount of $50,000.00 each;

3  C. For reasonable attorney's fees and costs pursuant to the provisions of 42 U.S.C. § 1988 or any other applicable law;

4  D. For costs of suit incurred herein; and

5  E. For such other and further relief as the Court may deem just.

Dated: May 6, 2013.

PREMIER LAW GROUP PLLC

*/s/ Darryl Parker/*

Darryl Parker, Bar No. 95914
Attorney for Plaintiff
Premier Law Group PLLC
3380 146th Place S.E. Ste. 430
Bellevue, WA 98007
(206) 285-1743
dparker@plg-pllc.com

SECOND AMENDED COMPLAINT FOR DAMAGES - 14
No. C 12-02511-SBA

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316