UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| CURTIS D. WILLIAMS,<br><br>          Plaintiff,<br>    v.<br><br>THE COUNTY OF ALAMEDA, et al.,<br><br>          Defendants.<br>_____/ | No. C 12-2511 SBA (MEJ)<br><br>**DISCOVERY ORDER RE: NAMED DEFENDANTS' INTERNAL AFFAIRS FILES** |

## INTRODUCTION

In this civil rights case brought under 42 U.S.C. § 1983, the parties have filed a joint discovery letter regarding Plaintiff Curtis Williams' request for the named defendant officers' internal affairs files. Dkt. No. 51. Having considered the parties' letter and relevant legal authority, the Court now issues the following order.

## BACKGROUND

Plaintiff Curtis Williams brings this case against the County of Alameda and several named defendants that are Alameda County Sheriff's Office officers alleging six claims for relief: unlawful entry; unnecessary force; violation of equal protection; unlawful arrest; malicious prosecution; and a *Monell* claim. Dkt. No. 44. On August 23, 2012, Plaintiff served his First Request for Inspection or Production of Documents. Jt. Ltr. at 2, Dkt. No. 51. Plaintiff's Request for Production No. 20 states: "Produce the personnel files of defendant deputies Kevin H. Estep, Justin Miguel, Brian R. Fernandez and Michael J. Giammalvo, defendant lieutenant Thomas F. Madigan, and defendant sergeant Mario M. Felix." *Id.*

On October 16, 2012, after receiving an extension of time to answer, Defendants objected to this request for production on the grounds that it is overly broad as to time and to subject matter, would impose an undue burden and expense on Defendants, and seeks information not relevant to this

1  action and not reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  Defendants
2  further objected to this request for production as it sought confidential documents and information
3  protected by constitutional, statutory, common law right of privacy or the qualified privilege for
4  official information.  *Id.*

5  On August 23, 2013, the parties filed their joint discovery dispute letter regarding Plaintiff's
6  request for the named defendants' internal affairs files.  Dkt. No. 51.  In the letter, the parties state
7  that counsel for Plaintiff and Defendants have met and conferred extensively regarding the scope of
8  the Request for Production and, through the meet and confer process, Plaintiff has agreed to narrow
9  his request from the entire personnel files of the named defendants to just the internal affairs files for
10 the named defendants.  *Id.* at 2-3.  Plaintiff argues that the personnel file of a law enforcement officer
11 sued for violating the Constitution is "obviously relevant" and should be produced.  *Id.* at 3.  In
12 response, Defendants assert that the requested internal affairs files are privileged due to the official
13 information privilege, and because disclosure would violate the individual officers' privacy.  *Id.* at 4.

## LEGAL STANDARD

15 Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any
16 nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).
17 "Relevant information need not be admissible at the trial if the discovery appears reasonably
18 calculated to lead to the discovery of admissible evidence."  *Id.*  A relevant matter is "any matter that
19 bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be
20 in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Moreover, discovery is
21 not limited to only those specific issues raised in the pleadings since it is designed to define and
22 clarify the issues in the case.  *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (citing
23 *Oppenheimer*, 437 U.S. at 351).  As such, the question of relevancy should be construed "liberally
24 and with common sense" and discovery should be allowed unless the information sought has no
25 conceivable bearing on the case.  *Id.*

26 "Federal common law recognizes a qualified privilege for official information." *Soto v. City*
27 *of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citing *Kerr v. U.S. Dist. Ct. for the N. Dist. of*

2

*Cal.*, 511 F.2d 192, 198 (9th Cir. 1975)).  Under the official information privilege, internal affairs investigative materials and government personnel records may be protected from disclosure.  *Id.* at 623; *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987).  In civil rights cases, the Court has adopted a balancing test that is moderately pre-weighted in favor of disclosure.  *Kelly*, 114 F.R.D. at 661.  The party resisting discovery bears the burden of proving that disclosure is not required.  *Soto*, 162 F.R.D. at 609.

**ANALYSIS**

Here, there appears to be no dispute that the internal affairs files could reasonably be calculated to lead to the discovery of admissible evidence.  Instead, Defendants argue that disclosure of internal affairs records will create a substantial risk of harm to the reliability of the internal affairs investigatory system.  Jt. Ltr. at 4.  Specifically, Defendants argue that the reliability of the findings of the Alameda County Sheriff's Office's internal investigations is entirely dependent upon officers' truthfulness, and that if these types of records are disclosed, officers would be discouraged from being truthful during internal investigations regarding fellow officers' conduct.  *Id.*  Defendants further argue that internal affairs documents should be kept confidential because "'protecting peace officers from publication of frivolous or unwarranted charges, and maintaining confidence in law enforcement agencies by avoiding premature disclosure of groundless claims of police misconduct.'"  *Id.* (quoting *Copley Press, Inc. v. Superior Court*, 39 Cal. 4th 1272, 1298 (Cal. 2006)).

As to Defendants' first argument, several courts, including this one, have rejected identical "chilling effect" arguments.  *Harper v. City of San Jose*, 2011 WL 941094, at \*2 (N.D. Cal. Mar. 17, 2011); *Watson v. Albin*, 2008 WL 1925257, at \*2 (N.D. Cal. Apr. 30, 2008) ("[Defendant's] arguments that disclosure would discourage exhaustive internal investigations are unpersuasive.  Courts in this district have previously rejected such claims, and there is no reason to depart from that reasoning here."); *Mai Thi Vu v. Clark*, 2006 WL 3318096, at \*2 (N.D. Cal. Nov. 15, 2006) ("There is no support for an argument that disclosure would lead to a breakdown of the IA investigation system and in the past, courts have struck down such reasoning.").  The Court sees no reason to depart from this conclusion.

1    As to Defendants' privacy argument, they rely on California privilege law, which is not
binding on federal courts in federal civil rights cases. *Kelly*, 114 F.R.D. at 655-56. However, federal courts do recognize a right of privacy respecting confidential law enforcement records. *Id.* at 660-61; *Soto*, 162 F.R.D. at 616. Such claims are closely scrutinized when the documents at issue are related to the officers' work with the police department. *Soto*, 162 F.R.D. at 616 (suggesting that internal investigation files are not protected by right of privacy when documents "related simply to the officers' work as police officers") (citing *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir.1981)). If an individual's privacy is at stake, courts balance "the need for the information sought against the privacy right asserted." *Soto*, 162 F.R.D. at 616. Moreover, "[i]n the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential. . . . However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." *Id.* Further, "a carefully drafted protective order could minimize the impact" of disclosure. *Id.*

For reasons similar to those stated by this Court in *Soto*, the Court concludes that, in applying the balancing analysis to the documents sought by Plaintiff, his need for the documents (containing information that is likely unavailable from any source other than Defendants) outweighs any invasion of privacy with respect to officers named in the reports. The privacy rights of the officers may be sufficiently protected with the use of a tightly drawn protective order, specifying that only counsel for Plaintiff and his experts may have access to the material and that copies of such material will be returned to Defendants at the conclusion of the case. *See id.* at 617; *see also Hernandes v. City of Hayward*, 2005 WL 119871, at *4 (N.D. Cal. Jan. 20, 2005).

## CONCLUSION

Based on the foregoing, the Court directs Defendants to produce the responsive internal affairs files of the named defendant officers. To the extent Defendants have privacy concerns, the documents shall be produced pursuant to a stipulated protective order and Defendants may redact the following from the documents produced: any personally identifying information, including names of public witnesses (other than Plaintiff), and home addresses and telephone numbers; and police

4

1  officers named in the records with no ties to this case.
2      In their joint letter, the parties stipulate that the Court should conduct an in camera review to
3  decide what if any documents should be produced based on Plaintiff's claims.  Jt. Ltr. at 5.
4  Accordingly, the Court ORDERS Defendants to produce the internal affairs files for in camera
5  review within seven days from the date of this Order.  Defendants shall have the documents delivered
6  directly to chambers on the 15th Floor.  As part of the production, Defendants shall include a draft
7  privilege log that identifies (by page and line number, if possible) all information that they claim
8  should be redacted based on this Order.  The Court's review shall only include those portions of the
9  documents identified by Defendants.
10     **IT IS SO ORDERED.**

12  Dated: August 27, 2013

   _____
13     Maria-Elena James
       United States Magistrate Judge